UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EVERETTE RAY HARKLESS (#0497)  CIVIL ACTION
A/K/A CHRISTOPHER THOMAS

VERSUS

JACKSON LOUISINA FORINISAC  NO. 14-0373-SDD-RLB
STATE HOSPITAL OF LOUISINA

## RULING

In March or April of 2014, the *pro se* Plaintiff, a person previously confined at the Eastern Louisiana Mental Health Facility in Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 complaining that he had been subjected to neglect and abuse at that facility, including an alleged incident during which he sustained one or more fractured ribs. This matter was originally filed in the United States District Court for the Eastern District of Louisiana and, by *Order*[1] dated June 16, 2014, was subsequently transferred to this Court. A determination regarding the Plaintiff's entitlement to proceed *in forma pauperis* in this case was deferred to this Court for resolution.[2]

By correspondence dated July 1, 2014[3], the Clerk of Court instructed the Plaintiff that he must, within twenty-one (21) days, re-submit his *Complaint* in proper form, identifying the Defendants where appropriate on the Court's *Complaint* form and, within such time, submit a properly completed Statement of Account, a copy of which was

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 2.

[3] Rec. Doc. 7.

attached to the Court's correspondence, signed by an authorized official at the Plaintiff's facility and certifying to the amount of money in his detainee account(s) and the monthly deposits and balance in his account(s) for the preceding six months.[4] The Plaintiff was specifically notified that "failure to amend the pleadings or provide the requested information or forms as indicated will result in the dismissal of your suit by the Court without further notice."[5]

Despite notification of the need to re-submit his *Complaint* in proper form and to submit a properly completed Statement of Account within twenty-one (21) days, the Plaintiff has failed to respond to the Court's *Order*. Instead, the Court's correspondence, forwarded to the Plaintiff at his record address, has been returned to the Court as undeliverable, apparently because the Plaintiff has refused the Court's correspondence or is no longer confined at the Eastern Louisiana Mental Health Facility.[6]

Pursuant to Local Rule 41.2, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. Accordingly, the Court concludes that the above-captioned proceeding should be dismissed, without prejudice, for failure of the Plaintiff to prosecute. Therefore,

---

[4] *Id.*

[5] *Id.*

[6] Rec. Doc. 8.

IT IS HEREBY ORDERED that the above-captioned proceeding is DISMISSED without prejudice.

*Judgment* shall be entered accordingly.

Baton Rouge, Louisiana the __19__ day of August, 2014.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA